UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leila Cruz, | Case No.: 3:23-CV-0957-GPC-KSC |
| Plaintiff, | |
| v. | **ORDER** |
| | **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, [ECF No. 2];** |
| San Diego County CWS, Lynette Miller, Christopher Hines, | **(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;** |
| Defendants. | **(3) DENYING MOTION TO APPOINT COUNSEL, [ECF NO. 6]; AND** |
| | **(4) DENYING "MOTION TO ADD CLAIMS FOR RELIEF", [ECF NO. 7]** |

Plaintiff Leila Cruz ("Plaintiff" or "Cruz"), proceeding pro se, filed a complaint against Defendants San Diego County CWS, Lynette Miller, and Christopher Hines in the United States District Court for the Eastern District of Missouri on May 4, 2023. (ECF No. 1, Compl.) On May 24, 2023, the District Court in the Eastern District of Missouri

transferred the action to this Court to cure the defect in venue.  (ECF No. 3 at 7–8.[1])  Cruz also filed a motion to proceed in forma pauperis ("IFP"), (ECF No. 2), which was provisionally granted by the Eastern District of Missouri and subject to modification by this Court.  (ECF No. 3 at 8.)

For the following reasons, the Court GRANTS Plaintiff's motion to proceed in forma pauperis; sua sponte DISMISSES the action for failure to state a claim with leave to amend; DENIES the motion to appoint counsel; and DENIES the "motion to add claims for relief."

## A.   Motion to Proceed in Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a United States District Court must pay a $402 filing fee.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) ("§ 1915(a)").  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  An affidavit in support of an IFP application is "sufficient" if it alleges the plaintiff "cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a)(1) (IFP applicant must "submit[] an affidavit that includes a statement of all assets such [applicant] possesses that the person is unable to pay such fees . . . .").  Although there is no established formula to determine IFP status provided by statute, regulation or caselaw, a plaintiff must allege poverty "with some particularity, definiteness and certainty."

---

[1] Page numbers are based on the CM/ECF pagination.

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

*Escobedo*, 787 F.3d at 1234-35.  The district court has discretion in determining whether the plaintiff has satisfied the statute's IFP requirements.  *Cal. Men's Colony, Unit II Men's Advisory Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by* 506 U.S. 194 (1993); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) ("It [is] within the court's discretion to make a factual inquiry and to deny the motion when [plaintiffs are] unable, or unwilling, to verify their poverty.") (internal citations omitted).

Here, Cruz's IFP form indicates that (1) she has $520.00 in her bank account, (2) her only form of income is a monthly disability payment of $712, and (3) her monthly expenses total $1,089.  (ECF No. 2 at 2, 4, 5.).  The IFP form also indicates Cruz is a blind mother with three dependent children, including a disabled son.  (*Id.* at 3, 5.)

Given that Cruz's expenses exceed her income by more than $300, the Court agrees with the Eastern District of Missouri's assessment and finds Plaintiff has demonstrated that "because of poverty" she cannot "meet court costs and still provide [herself] . . . with the necessities of life."  *See Escobedo*, 787 F.3d at 1235.  Therefore, the Court GRANTS Plaintiff's motion to proceed IFP.

**B.    Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

**1. Legal Standard**

Courts must engage in a sua sponte review of any complaints filed by any person proceeding IFP pursuant to § 1915(a), and courts should dismiss claims that are "frivolous or malicious; fail[] to state a claim on which relief may be granted; or seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B)(i)–(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Under Federal Rule of Civil Procedure ("Rule") 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, legal conclusions are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint should disclose "who is being sued, for what relief and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Allegations that do not "identify[] the transaction or occurrence giving rise to the claim and the elements of the prima facie case" fail to satisfy Rule 8. *Bautista v. Los Angeles Cty*, 216 F.3d 837, 840 (9th. Cir. 2000).

Courts "liberally construe[]" pro se claims, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), holding them to "less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "This rule is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Nonetheless, pro se plaintiffs remain subject to "the same rules of procedure that govern other litigants." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *(overruled on other grounds)*).

## 2. Discussion

Cruz's complaint does not meet Rule 8 pleading standards because it fails to allege facts providing a basis for relief. The complaint solely alleges seven statements:

The Defendant Provides "Remote" Services in MO

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. Plaintiff was denied a qualified reader, interpreter, Auxiliary Aids, Adaptive Software after providing letter from SSA/Doctor. Plaintiff was denied physical modifications and Deprived of Equal Access to Services.
2. Between March 1, 2022 and April 30, 2023 it is ongoing[.]
3. 1201 Elleta Blvd Columbia MO 65202
4. Removal of Child, Underpayment in Benefits[,] Costs of Travel & Defense from false allegation[.]
5. Miller + Hines Discriminated based on Race, Disability Religion[.]
6. Agency/Miller/Hines Discriminated against Plaintiff for exercising Religious Conscience in her parenting/Religious Practices[.]
7. Agency/Miller/Hines Discriminated against Plaintiff base [sic] on her Ethnic/Cultural Identity, Perception of Race + Skin color as well as her Sexual Preference.

(ECF No. 1, Compl. at 7–8.). As the basis for federal jurisdiction, Cruz lists the Americans with Disabilities Act, the Unruh Act, Rehabilitation Act, Civil Rights Act, First Amendment and Fourteenth Amendment. (*Id.* at 5.) She seeks damages for loss of income, loss of housing, loss of child custody, damage to her professional reputation and emotional distress. (*Id.* at 7.) She seeks $40 million plus punitive damages. (*Id.* at 6.)

As plead, the complaint does not provide "a short and plain statement of the elements of . . . [each] claim, identifying the transaction or occurrence giving rise to the claim[s] and the elements of a prima facie case," as required by Rule 8. *See Bautista*, 216 F.3d at 840. Because the complaint is conclusory, Defendants do not have "sufficient notice of the allegations against them." *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Further, Plaintiff "must allege the basis of [her] claim against each defendant." *See Dougherty v. Bank of America*, N.A., 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016) (quoting *Gauvin*, 682 F. Supp. at 1071). The complaint alleges all three Defendants discriminated against her without specifying which Defendant engaged in what acts of discrimination.

Because Cruz's complaint fails to allege facts supporting a cause of action and does "not afford defendants a fair opportunity" to defend themselves, she fails to state a

1  claim upon which relief could be granted.  *See McHenry*, 84 F.3d at 1175.  The Court sua
2  sponte DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a
3  claim.

4  **C.    Leave To Amend**

5         District courts "should not dismiss a pro se complaint without leave to amend unless
6  'it is absolutely clear that the deficiencies of the complaint could not be cured by
7  amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v.
8  Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).  In this case, because the deficiencies in
9  the complaint could be cured, the Court GRANTS Cruz leave to file an amended complaint.
10 The amended complaint must be complete by itself without reference to any previous
11 pleading.  *See* Civ. L. Rule 15.1(a).  The amended complaint should clearly state the causes
12 of action upon which Cruz's claims are based as well as alleging facts to support each cause
13 of action.

14        The Court cautions Cruz to file an amended complaint rather than filing a new civil
15 case as she has a history of repeatedly filing new complaints without heeding the courts'
16 instructions informing her of deficiencies in many of her prior lawsuits.  The Court notes,
17 before filing this lawsuit, in a two-month period, Cruz filed five separate actions appearing
18 to arise out of the same events and alleging similar claims of discrimination by San Diego
19 Child Welfare Services, Hines, and/or Miller that have all been dismissed.[3]  In the two

20

21 _____

22 [3] *Cruz-McCoy v. San Diego Child Welfare Servs*., No. 2:22-cv-04193-NKL, ECF No. 1, Compl.  (W.D.
   Mo. Dec. 29, 2022) (dismissed for lack of personal jurisdiction and improper venue); *Cruz-McCoy v.
23 San Diego Child Welfare Servs.*, No. 2:22-cv-04194-NKL, ECF No. 1, Compl. (W.D. Mo. Dec. 29,
   2022) (denying request to remove lawsuit from San Diego Superior Court and dismissed as "frivolous");
24 *Cruz-McCoy, v. Rady Children's Hosp.*, No. 3:23-cv-00035-GPC-KSC, ECF No. 1, Compl. (S.D. Cal.
   Jan. 9, 2023) (dismissed for failure to state a claim and failure to prosecute); *Cruz-McCoy v. San Diego
25 Child Welfare Servs.*, No. 2:23-cv-04012-NKL, ECF No. 1, Compl. (W.D. Mo. Jan. 12, 2023)
   (dismissed for lack of personal jurisdiction and improper venue); *Cruz v. Cnty. of San Diego CWS/HHS*,
26 No. 3:23-cv-00273-GPC-KSC, ECF No. 1, Compl. (S.D. Cal. Feb. 10, 2023) (dismissed for failure to

27                                              6

28

actions brought in the Southern District of California earlier this year, this Court sua sponte dismissed her complaints and granted Cruz leave to amend her complaints to satisfy Rule 8 pleading standards. *See McCoy v. San Diego Cnty. Child Welfare Servs.*, No. 3:23-CV-0273-GPC(KSC), ECF No. 3 (S.D. Cal. Apr. 26, 2023); *Cruz-McCoy, v. Rady Children's Hosp.*, No. 3:23-cv-00035-GPC(KSC), ECF No. 5 (S.D. Cal. Apr. 27, 2023). Cruz did not amend either pleading and both cases were dismissed and judgment entered for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and failure to prosecute under Rule 41(b) on June 29, 2023. *See McCoy*, No. 3:23-CV-0035-GPC(KSC), ECF No. 6, 7; *McCoy*, No. 3:23-CV-0273-GPC(KSC), ECF No. 7, 8. Shortly after the dismissals of the complaints in this district, on May 4, 2023, Plaintiffs filed the instant case in the Eastern District of Missouri which was subsequently transferred to this Court.[4] (ECF No. 1, Compl.; Dkt. No. 3.)

Courts have authority to issue pre-filing injunctions against vexatious litigants with "a pattern of frivolous or abusive litigation in different jurisdictions." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1065–66 (9th Cir. 2014). "Under the power of 28 U.S.C. § 1651(a)[5][], enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). While pre-filing orders are issued with caution, particularly against pro se

---

state a claim and failure to prosecute). Moreover, in April 2022, Cruz filed a complaint against San Diego Health and Human Services in the Western District of Missouri in Case No. 22cv4059-NKL, ECF No. 1, Compl. (W.D. Mo. Apr. 19, 2022), which was dismissed for failing to provide required information to proceed IFP.

[4] In the Eastern District of Missouri transfer order, the district court notes that Plaintiffs appears to have filed about twenty-five cases across the nation since 2016. (Dkt. No. 3 at 1.)

[5] "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

litigants, the court cannot "enable[] one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id. at* 1148. Before declaring a litigant to be vexatious, the litigant must be provided with notice and an opportunity to be heard, there must be an adequate record for review and the court must make "substantive findings as to the frivolous and harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1147-48. Finally, the order must be narrowly tailored so as "to closely fit the specific vice encountered." *Id.* at 1148.

The Court acknowledges Cruz's disability may hinder her ability to navigate the court system; however, many district courts have issued orders noting her deficiencies and directing her to amend or cure the deficiencies which she has failed to do. Instead, she files new complaints alleging similar claims in the same or different districts.[6] Should Cruz continue a pattern of filing new lawsuits against the Defendants, the Court warns Cruz she could face future pre-filing orders limiting her ability to bring forth another such lawsuit in this district. *See Kellog v. Wilson*, No. 18-cv-01216-BAS-JLB 2018 WL 3546324, at *2 (S.D. Cal. Jul. 24, 2018) (warning litigant about his "repeated filing of frivolous complaints concerning the same subject matter against many of the same defendants."). Therefore, if Plaintiff so chooses, she must file an amended complaint if she seeks to pursue her grievances against Defendants.

**D.     "Motion to Add Claims for Relief"**

Cruz motioned the Court to add claims for "[a]buse of [p]rocess" and "failure to comply with [a] CADSS state appeals judge ruling to remedy ADA/Unruh Act violations." (ECF No. 7 at 1.) The motion mirrors the original complaint, repeating that Defendants

---

[6] In 2020, the District of Colorado imposed filing restrictions against Cruz in response to her "piecemeal" filings. *McCoy v. Krane, et al.*, No. 1:20-cv-2814-LTB, ECF No. 19 at 2–3 (D. Colo. Dec. 21, 2020).

discriminated against Cruz by denying her various services and modifications. (*Id.* at 1.). Cruz additionally alleges Defendants have not complied with orders by administrative law judges granting benefits to Cruz and her family. (*Id.* at 2.). To the extent Cruz seeks to add those claims, she may add them to an amended complaint but cautions Plaintiff that the amended complaint must comply with Rule 8. The Court, therefore, DENIES the motion to add claims for relief.

**E.      Request for Appointment of Counsel**

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, courts are afforded discretion to appoint counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel requires "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331). Neither factor "is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn*, 789 F.2d at 1331). Indigent plaintiffs are required to "make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *accord Skelly v. United States Dep't of Educ.*, No. 19-cv-1812-GPC-BLM, 2019 WL 6840398, at *5 (S.D. Cal. Dec. 16, 2019).

Cruz requests court-appointed counsel because she is "blind and developmentally disabled;" Southern California libraries lack accessible equipment; a state judge in a prior suit declared Cruz "'unable' to represent herself due to mental/physical disabilities;" and the Court lacks accessible audio formatting. (ECF No. 6 at 1.) Cruz's motion alleges "State Blind Services," cannot assist her because they are closed due to the pandemic; in

addition, "SoCal Legal Aid," and "CA Disability law cannot take the case." *Id.* Further, Cruz's motion states she and her children "cannot adequately represent themselves" evidenced by their errors in submitting "multiple filings" rather than amending the pleadings.[7] *Id.*

As discussed above, the Court finds Cruz's financial circumstances clearly establish her indigency and she alleges she has made diligent efforts to obtain counsel. However, due to the above-described deficiencies in the complaint, the Court is unable to assess her success on the merits. *Kelly v. Intuit*, No. 23-cv-00694-JAH-JLB, 2023 WL 4220768, at *2 (S.D. Cal. June 27, 2023); *see Skelly*, 2019 WL 6840398, at *5 (denying counsel appointment despite plaintiff receiving IFP and demonstrating reasonably diligent effort to obtain counsel because plaintiff failed to show exceptional circumstances). Accordingly, the Court concludes Cruz has not demonstrated she is entitled to appointment of counsel at this stage of the proceedings, and DENIES her request for counsel.

## Conclusion

Based on the reasoning above, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis; sua sponte **DISMISSES** the complaint with leave to amend for failure to state a claim. The Court **DENIES** Plaintiff's motion for appointment of counsel and Plaintiff's "motion to add claims." In the event Plaintiff seeks to file an amended complaint, she must do so no later than **September 30, 2023**. If Plaintiff does not file an amended complaint by the deadline, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may

/ / /

---

[7] Cruz's children are not plaintiffs in this action, though Cruz appears to refer to her children as plaintiffs in her request for appointment of counsel. (*See* ECF No. 6 at 1.).

3:23-CV-0957-GPC-KSC

1 | convert the dismissal of the complaint into dismissal of the entire action.").

2 |     **IT IS SO ORDERED.**

3 | Dated:  August 24, 2023

Hon. Gonzalo P. Curiel
United States District Judge

3:23-CV-0957-GPC-KSC