UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leila Cruz,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>San Diego County CWS, Lynette Miller, Christopher Hines,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-CV-0957-GPC-KSC<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Leila Cruz ("Plaintiff" or "Cruz"), proceeding pro se, filed a complaint against Defendants San Diego County CWS, Lynette Miller, and Christopher Hines in the United States District Court for the Eastern District of Missouri on May 4, 2023. (ECF No. 1, Compl.)  On May 24, 2023, the District Court in the Eastern District of Missouri transferred the action to this Court to cure the defect in venue. (ECF No. 3 at 7–8.[1])  Cruz also filed a motion to proceed in forma pauperis ("IFP"), (ECF No. 2), which was

---

[1] Page numbers are based on the CM/ECF pagination.

provisionally granted by the Eastern District of Missouri and subject to modification by this Court.  (ECF No. 3 at 8.)  On August 24, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis, sua sponte dismissed the complaint for failing to state a claim with leave to amend, denied her motion to appoint counsel; and denied her "motion to add claims for relief."  (ECF No. 10.)  The Court granted Plaintiff leave to file an amended complaint to correct the deficiencies identified in the Court's order no later than September 30, 2023.  (*Id.*)  Over one month has passed since the Court's dismissal order, and to date, Plaintiff has not filed an amended complaint, nor sought an extension of time to file one.[2]  Accordingly, the Court DISMISSES this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted and her failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or indicating to the court that [she] will not do so—is properly met with the sanction of a Rule 41(b) dismissal."); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").  The Court DIRECTS the Clerk of Court to enter final judgment of dismissal and to close the file.

    IT IS SO ORDERED.

Dated:  November 15, 2023

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] The Court notes that its order was returned as undeliverable on September 11, 2023. (ECF. No. 11.)  A pro se litigant must keep the court advised as to her current address within 60 days or else the Court may dismiss the action for failure to prosecute.  *See* S.D. Civ. Local R. 83.11.  Here, Plaintiff has failed to inform the Court of her current address and is another basis for dismissal.